# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                            Case No. 07-CR-277

**GERALD KOEHLER**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Gerald Koehler pleaded guilty to making a false statement to a federal firearms dealer in connection with the attempted purchase of a handgun, contrary to 18 U.S.C. § 922(a)(6), and I set the case for sentencing. In imposing sentence, the district court must first calculate the advisory guideline range, then determine an appropriate sentence under the factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Samuels, 521 F.3d 804, 815 (7th Cir. 2008). In this case, without objection I adopted the guideline calculations contained in the pre-sentence report: offense level 12, criminal history category III and 15-21 months imprisonment. I then imposed a sentence of five years probation. This memorandum explains why. See 18 U.S.C. § 3553(c).

### I. SENTENCING FACTORS

Section 3553(a) directs the court to consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the advisory guideline range;
>
> (5) any pertinent policy statements issued by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing, which are just punishment, deterrence, protection of the public and rehabilitation of the defendant. 18 U.S.C. § 3553(a)(2). In determining a sufficient sentence, the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place "any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an independent determination of what sentence is sufficient but not greater than necessary, taking into account the types of sentences available, the other relevant § 3553(a) factors and the arguments of the parties. United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007).

## II. DISCUSSION

**A.  The Offense**

On December 23, 2006, defendant tried to buy a revolver and in filling out the ATF form

2

falsely stated that he had never been convicted of a misdemeanor crime of domestic violence, when in fact he had several such convictions, which barred him from possessing a firearm. Defendant stated that he did not know he was barred from possessing a gun based on these convictions, but as the government noted, the crime in this case was lying on the form, not possessing a gun.[1]

**B.    The Defendant**

At age fifty-six, defendant had sustained numerous convictions for drunken, disorderly and violent conduct.  In 1990, he was convicted of drunk driving.  In 1998, he was convicted of disorderly conduct ("DC") arising out of an incident in which he threatened restaurant patrons and staff, then later attacked his girlfriend.  He was sentenced to probation in that case, which he successfully completed.  In 1999, he was again convicted of DC arising out of a fight in his home, after which he threatened and struggled with the officers.  He received a sentence of 20 days jail in that case.   In 2001, he was convicted of making a threatening phone call to a police station after officers responded to a loud music complaint at his house.  He was fined in that case.  In 2002, he was convicted of resisting when he struggled with and made vile threats to officers trying to arrest him for drunk driving.  He did 50 days in jail on that case. In 2002, he was again convicted of DC, which was amended down from physical abuse of a child, after he drunkenly assaulted his son.  He received a sentence of two years probation on that case, but surprisingly did not complete any alcohol treatment.   Finally, in 2003, he was convicted of yet another DC after he attacked his girlfriend, receiving another probationary term.

---

[1] The dealer denied the transaction after running a record check.

This record plainly depicted someone who had a serious alcohol and anger management problem. But, his record also demonstrated that he could succeed on supervision in the community. It also appeared that he had been doing much better the past five years. According to his girlfriend, with whom he had a twenty-three year relationship and shared two, now-grown children, he had been sober during that time, which was confirmed by his lack of contacts. I also received a copy of defendant's discharge summary from a treatment provider, which indicated that he went through alcohol counseling from August 2004 to January 2005 and met treatment goals.

There were other positives in defendant's background. He compiled a solid employment history, working as a welder for the past ten plus years. I received a letter from his supervisor, who thought very highly of him. He also sought to better himself by furthering his education at MATC. I also received copies of various certificates defendant earned related to Coast Guard licensing, connected to his part-time work as a cruise captain, as well as a positive letter from another ship's captain. Defendant served in the Army from 1969 to 1970, receiving an honorable discharge.

**C.      The Sentence**

The guidelines recommended 15-21 months in prison. Had this case come before me five years ago, I would have agreed that a prison sentence was appropriate. But defendant was not at the time I sentenced him the same person he was when he picked up all of those DV convictions. He had stopped drinking, amended his relationship with his girlfriend, and thrown himself into his work and education. I therefore hesitated to impose a sentence that would force him off this positive path.

As a class C felony, the instant offense allowed a sentence of probation. See 18 U.S.C.

4

§ 3561(a). From the court's perspective, there are two advantages to a probationary sentence in a case like this. First, the court can impose a longer period of probation, up to five years, see 18 U.S.C. § 3561(c), than of supervised release after a prison sentence, see 18 U.S.C. § 3583(b). In the case of a defendant like this one, who has demonstrated the ability to succeed in the community – at least when closely monitored – selection of the greater period of supervision makes sense. Second, upon revocation of probation the court is authorized to sentence the defendant to any prison term originally available, see 18 U.S.C. § 3565(a), up to ten years in this case, see 18 U.S.C. § 924(a)(2), while supervised release revocation sentences are strictly limited, up to two years for a class C felony, see 18 U.S.C. § 3583(e)(3). Therefore, the defendant placed on probation likely has a greater incentive to follow the rules than the defendant sentenced to supervised release.

Given defendant's otherwise good conduct over the past five years and his successful completion of probation in the past, I found a sentence of probation with strict conditions sufficient but not greater than necessary in the present case. In order to satisfy the need for punishment, I imposed a lengthy period of home confinement. See 18 U.S.C. § 3553(a)(2)(A). In order to protect the public, I required that defendant be strictly monitored for alcohol use and undergo counseling. See 18 U.S.C. § 3553(a)(2)(C). In order to deter him from re-offending, I admonished defendant that any violations could lead to a prison term of up to ten years. See 18 U.S.C. § 3553(a)(2)(B). This sentence adequately addressed defendant's treatment needs, which were best met in the community. See 18 U.S.C. § 3553(a)(2)(D). The sentence varied from the guidelines, but because it was based on the particular facts of the case, it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6); see also Gall, 128 S. Ct. at 602 (stating that "the Guidelines are only one of the factors to consider when imposing sentence, and §

5

3553(a)(3) directs the judge to consider sentences other than imprisonment").

## III. CONCLUSION

Therefore, I placed defendant on probation for five years. I selected the maximum term to ensure that he was monitored and stayed on the right track. Based on his financial situation, I determined that defendant did not have the ability to pay a fine, but I did require community service as an alternative. As further conditions of probation, I ordered defendant to participate in substance abuse testing and treatment, participate in an approved program for domestic violence, and serve 180 days of home confinement. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6

Case 2:07-cr-00277-LA    Filed 05/09/08    Page 6 of 6    Document 10